**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>MIKLOS DANIEL BRODY,<br><br>　　　　Defendant - Appellant. | No. 23-4358<br><br>D.C. No.<br>3:22-cr-00168-WHO-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted April 11, 2025**
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Miklos Daniel Brody ("Brody") worked as a cloud engineer at First Republic Bank ("FRB"). On March 11, 2020, FRB terminated Brody's employment and Brody subsequently engaged in various acts which resulted in

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

significant harm to FRB's computer systems. Brody was indicted and ultimately pleaded guilty to a three-count superseding indictment for (1) unauthorized access to a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B); (2) intentional damage to a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i); and (3) false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2). He was sentenced to 24 months in custody and ordered to pay $529,266.37 in restitution. Brody appeals his sentence and restitution order, asserting (1) due process violations in the calculation of loss amount and restitution, (2) a *Brady* violation, (3) Federal Rule of Criminal Procedure 32 violations, and (4) errors in the district court's final determination of loss amount and restitution.

    1. Brody asserts that the district court violated his due process rights by (a) basing the loss amount and restitution on false, unreliable, and uncorroborated hearsay subtotals and (b) preventing Brody from cross-examining Brian Kraus ("Kraus").[1] We review the legality of the restitution order de novo. *United States v. Nosal*, 844 F.3d 1024, 1045 (9th Cir. 2016), *abrogated in part on other grounds by*, *Lagos v. United States*, 584 U.S. 577 (2018). If the restitution order is within

---

[1] Brody also argues that the district court violated his due process rights by allowing the government to continue to present evidence of the loss amount after the presentence report ("PSR") window closed. Brody cites no case supporting this position and we have found none. Therefore, we find this argument unpersuasive.

the bounds of the statutory framework, the order is reviewed for abuse of discretion. *Id.*; *United States v. Dadyan*, 76 F.4th 955, 958 (9th Cir. 2023). We review de novo a claim that the district court's consideration of evidence at sentencing violated due process. *See United States v. Franklin*, 18 F.4th 1105, 1115 (9th Cir. 2021). Upon review, we find that the district court did not violate due process in determining loss amount or restitution.

    a. Brody asserts the district court erred in relying on three declarations from Kraus in determining loss amount and restitution because the declarations are false, unreliable, and uncorroborated. We disagree. A district court "may consider a wide variety of information at sentencing that could not otherwise be considered at trial and is not bound by the rules of evidence." *United States v. Parlor*, 2 F.4th 807, 815 (9th Cir. 2021) (quoting *United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009)). Accordingly, a district court is generally permitted to rely on hearsay evidence at sentencing. *Vanderwerfhorst*, 576 F.3d at 935. Due process, however, "requires that some minimal indicia of reliability accompany a hearsay statement introduced at sentencing." *Franklin*, 18 F.4th at 1114 (quotation omitted). The Kraus declarations meet this standard.

  Kraus was employed by FRB and was present when the misconduct at issue occurred. His declarations are supported by evidence in the record, including Secret Service interview summaries, internal reports, investigation notes, and

expert reports discussing the damage caused by Brody's misconduct. This is sufficient to establish some minimal indicia of reliability, and the district court did not err in relying on these declarations to calculate and corroborate the loss amount and restitution. *See Parlor*, 2 F.4th at 815.

    b. Brody further argues that the district court violated his due process rights by denying him the ability to cross-examine Kraus. However, "a defendant has no due process right to cross examine witnesses who supply information relied on in sentencing." *Farrow v. United States*, 580 F.2d 1339, 1353 n.25 (9th Cir. 1978) (en banc). Because Brody had no right to cross-examination during his sentencing, the district court did not run afoul of due process by prohibiting Brody from cross-examining Kraus.

  2. Brody next argues that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding certain discovery material. We disagree. We review de novo the question of whether a *Brady* violation occurred. *United States v. Moalin*, 973 F.3d 977, 1001–02 (9th Cir. 2020). The government violates *Brady* if (1) it "willfully or inadvertently suppressed; (2) evidence favorable to the accused; and (3) prejudice ensued." *United States v. Pelisamen*, 641 F.3d 399, 408 (9th Cir. 2011). "The defendant bears the initial burden of producing some evidence to support an inference that the government possessed or knew about the *Brady* material." *Id.* (quotations omitted).

Assuming without deciding that the government failed to turn over the alleged discovery, there is no indication that it would have favored Brody or been material. Brody provides nothing other than speculation that these documents (as opposed to the thousands of other documents produced in discovery) would have been exculpatory or impeaching. But even if they were, Brody provides no information, evidence, or viable theories as to how these asserted missing documents would have changed the result in the present case. Therefore, we find there was no *Brady* violation.

3. Brody asserts that the district court failed to comply with Federal Rule of Criminal Procedure 32 by failing to resolve his objections and failing to append the court's determinations to the PSR. "This court reviews de novo the district court's compliance with Rule 32." *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008) (quotation omitted). Rule 32 states that "for any disputed portion of the presentence report or other controverted matter" the district court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).[2] Rule 32 also requires that the district court "append

---

[2] Brody also argues the district court violated Fed. R. Crim. P. 32(d)(2)(D), which requires that the PSR contain "information sufficient for a restitution order." This argument is rooted in Brody's assertion that the Kraus declarations and related charts are unreliable and false. Because the Kraus declarations are not unreliable or false, this argument fails.

a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).

First, based on the record, we find the district court properly resolved all objections to the PSR. Second, though the district court erred in failing to append a copy of the court's determinations to the PSR in violation of Rule 32(i)(3)(C), this failure is a "ministerial error." *United States v. Fernandez-Angulo*, 897 F.2d 1514, 1517 (9th Cir. 1990) (en banc). Accordingly, we remand only for the district court to append the sentencing transcript to the PSR. *See id.* (citing *United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989) (noting that the error may be remedied by ordering the district court to attach the sentencing transcript)).

4. Brody argues that the district court improperly found that the government met its burden of proof as to the loss amount and restitution and improperly included subpoena-related costs and attorneys' fees in the restitution order. We again disagree. We review a district court's factual determination of the amount of loss and restitution for clear error. *United States v. Thomsen*, 830 F.3d 1049, 1064, 1071 (9th Cir. 2016). Clear error requires a "definite and firm conviction that a mistake has been committed." *United States v. Aubrey*, 800 F.3d 1115, 1132 (9th Cir. 2015) (quotation omitted).

We find no error in the district court's determination of loss amount, because it is supported by a "wide variety of information" and evidence, including the

Kraus declarations and supporting documents discussed above. *Parlor*, 2 F.4th at 815. Further, the district court did not clearly err in its determination of restitution. Here, the restitution order includes both the loss amount and "other expenses." Because we already determined that the district court did not err in calculating loss amount, we turn to the "other expenses." In determining these "other expenses," the district court relied on the Kraus declarations and the declaration of Batya Forsyth (lead-billing partner at Hanson Bridget representing FRB), which included a 23-page spreadsheet outlining legal costs. These documents set forth a detailed account of FRB's attorneys' fees.

　　　The district court did not err by including these costs and fees in the restitution order because "a court may include attorneys' fees in a restitution order when the victim incurred the expenses to participate in law enforcement's investigation and prosecution of a defendant." *United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015). Attorneys' fees and costs, however, are limited to those related to "government investigations and criminal proceedings." *Lagos*, 584 U.S. at 581. Here, the district court properly included in the restitution the attorneys' fees incurred by FRB in its participation in (1) the government's investigation, (2) the prosecution of Brody, and (3) the criminal proceedings stemming from both.

　　　Finally, it was proper for the district court to rely on the Kraus declarations and Forsyth declaration as evidence to support this fee calculation. *See United*

*States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (stating that "victim affidavits will generally provide sufficient, reliable evidence to support a restitution order."). Thus, we find no error in the district court's loss calculation or restitution determination.

      5. For the foregoing reasons, the district court's judgment is affirmed. We remand only to cure the ministerial error identified above. On remand we direct the district court to forward a transcript of the sentencing hearing to the Bureau of Prisons to be attached to Brody's PSR or to otherwise effectuate the appending of the sentencing transcripts to the PSR.

      **AFFIRMED AND REMANDED for the limited purpose of appending the sentencing transcripts to the PSR.**